IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Magistrate No. 21-2186 |
| | ) |
| SETH HOLLERICH | ) |

**AFFIDAVIT FOR CRIMINAL COMPLAINT**

1. I, J. Brandon Wargo, a Special Agent ("SA") with Homeland Security Investigations, being duly sworn, depose and state as follows:

**INTRODUCTION**

2. I am a Special Agent with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), currently assigned to the Pittsburgh, Pennsylvania office. I have been so employed since June 2009. As part of my duties as an HSI Special Agent, I investigate criminal violations relating to high technology crime, cyber-crime, child exploitation and child pornography including violations pertaining to the illegal distribution, receipt, possession, and production of materials depicting the sexual exploitation of children in violation of Title 18, United States Code, Sections 2252(a)(2), 2252(a)(4)(B) and 2251(a). I have received training in the area of child pornography and child exploitation investigations, and I have had the opportunity to observe and review numerous examples of such materials in a variety of electronic media. I am a member of the Western Pennsylvania Internet Crimes Against Children (ICAC) Task Force. I have participated in and led numerous child pornography investigations. I have executed numerous search warrants related to child pornography investigations. In this regard, I have reviewed extensive samples of child pornography, including videos, photographs, and digital reproductions of photographs or other print media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the

criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A, and I am authorized by law to request a search warrant.

3. This Affidavit is submitted in support of a criminal complaint charging SETH HOLLERICH with Possession of and Access with Intent to View a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2)), and Possession of a Firearm by an Unlawful User of a Controlled Substance, in violation of 18 U.S.C. § 922(g)(3).

4. Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2) make it a crime to knowingly possess or access with the intent to view, or attempt or conspire to possess or access with the intent to view, one (1) or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

5. Title 18, United States Code, Section 922(g) (3), makes it a crime for an individual to knowingly possesses a firearm, and the possession was in or affecting interstate or foreign commerce, when that person is an unlawful user of or addicted to any controlled substance (as defined in in Section 102 of Title 21, United States Code, Section 802).

6. Title 18, United States Code, Section 921(a)(3) defines the term firearm as: "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C)

any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm."

## FACTUAL BACKGROUND

7. On November 10, 2021, at approximately 7:40 AM, HSI Pittsburgh Special Agents assisted by Agents of the Pennsylvania Attorney General Office and the South Park Police Department executed a federal search warrant, signed by United States Magistrate Judge Cynthia Reed Eddy on November 3, 2021, at Magistrate Number 21-2128, at 5022 Cardox Road, South Park, PA in reference to an ongoing child exploitation investigation. The door to the residence was opened by the owner, Karen SCHULTZ. Another occupant of the residence, Seth HOLLERICH, was called downstairs from his bedroom and directed onto the porch while agents continued to clear the residence.

8. HSI Special Agents Wargo and PA Attorney General's Office Special Agent Larcinese conducted a non-custodial interview of HOLLERICH in the dining room of the residence. HOLLERICH was advised he was not under arrest and he was free to leave at any time. HOLLERICH was asked basic biographical information and questioned about who else lived at the property. HOLLERICH stated he has resided at 5022 Cardox Road, South Park, PA on and off for his entire life, and most recently moved back in after living with his girlfriend approximately April of 2021. HOLLERICH stated the only two current occupants of the residence are him and his mother, Karen SCHULTZ.

9. HOLLERICH stated he has one cellular telephone, which is an AT&T Wireless prepaid phone. HOLLERICH stated the device should be on his bed. HOLLERICH stated he is the only person with access to the device and it is password protected. HOLLERICH stated he has utilized this phone for approximately 2-3 years.

10. Special Agent Wargo advised HOLLERICH as to the nature of the investigation and why law enforcement was there. HOLLERICH stated, "It was always a mistake… I always knew this would happen." Special Agent Wargo asked what HOLLERICH meant by that, to which he admitted he had child pornography on his cellular telephone. HOLLERICH was asked for his definition of child pornography, to which he stated, "children under 18 engaged in sexual acts."

11. In relation to the ongoing investigation, HOLLERICH stated he was the person in control of an email address JimHender94@yahoo.com and had utilized said email address to create profiles on several file sharing, chatting, and social media platforms.

12. HOLLERICH was asked if he has ever utilized the file sharing website to share child exploitation material. HOLLERICH stated he believes he had provided the links to other users on a chatting platform. HOLLERICH claimed most of the child pornography he came into possession of was originally off of the photography sharing website Tumblr. HOLLERICH claimed he would collect the file and place them on the file sharing website. HOLLERICH claimed he was eventually locked out of his account because he used it to store child pornography.

13. HOLLERICH claimed the last time he viewed child pornography was "a few months ago." HOLLERICH was asked if there was child pornography on his current cellular telephone to which he responded, there is. HOLLERICH claimed the images could be located in his Google Drive account currently associated with the phone. HOLLERICH subsequently provided written consent to search his Google Drive.

14. During the course of the interview, HOLLERICH was asked about his mental health and drug usage. HOLLERICH stated he is a daily consumer of marijuana and alcohol. HOLLERICH claimed he has had thoughts of suicide in the past but did not currently have those

thoughts. Evidence of drug usage including bongs and other marijuana smoking devices were observed.

15. Located within the bedroom of HOLLERICH was a Glenfield 30-30 hunting rifle, which was loaded with two rounds of ammunition, with a round in the chamber. In the bedroom next to HOLLERICH a FN .40 caliber pistol, which was also loaded, with 15 rounds of ammunition was also located. Markings on the Glenfield 30-30 hunting rifle indicate that it was manufactured in New Haven, Connecticut. Accordingly, at some point after manufacture, this firearm traveled in interstate commerce to the Commonwealth of Pennsylvania.

16. Additional electronic devices were located within the bedroom of HOLLERICH and are pending a full forensic examination.

17. As the agents were taking exit photos, HOLLERICH and his mother, SCHULTZ, were seated at the dining room table. As the agents were departing the residence, both HOLLERICH and SCHULTZ got up from the table and HOLLERICH was observed walking directly to the stairs leading to the second floor. SCHULTZ walked up the stairs behind him yelling his name and telling him to come out of his bedroom several times. Agents called for HOLLERICH by name to come back downstairs several times. Due to a potential barricade situation, agents were called to come back into the house. After a few minutes, HOLLERICH exited his bedroom, came downstairs, and again took a seat at the dining room table.

18. Agents went to HOLLERICH's bedroom and retrieved a loaded Glenfield 30-30 rifle. Agents observed that HOLLERRICH had moved the rifle from the corner of the room to the bed, indicating that he apparently had thoughts of using it in some manner. The items were taken out of the residence and made safe.

19. SCHULTZ had earlier advised that her other son owns a handgun that was found in her other son's bedroom. SCHULTZ asked if the agents could leave that handgun, saying she believed it would be OK to leave in the residence. The agents advised that the handgun would be seized by law enforcement and they could petition for the firearm to be returned. Without any questioning asked of him, agents heard HOLLERICH said, "there are a million different ways", apparently indicating HOLLERICH's options to commit suicide. Agents observed that after about 10 minutes of HOLLERICH sitting at the dining room table, his carotid artery appeared to be visibly pulsating out of his neck.

20. Two South Park, PA Police Officers arrived at the residence to take HOLLERICH to St. Clair Hospital for a mental evaluation. HOLLERICH asked why he was being taken to a hospital. Agents explained that HOLLERICH appeared to not be in a good frame of mind and the agents/officers did not want HOLLERICH to hurt himself, his mother, or others. HOLLERICH said, "I would never hurt anyone else." Agents again said that he didn't want HOLLERICH to hurt himself.

21. During the course of the search warrant, a Chinese made QS5509A Android cellphone bearing no brand markings was located in HOLLERICH's bedroom (This phone was identified by HOLLERICH as his current cellular telephone.) The phone was forensically extracted and manually reviewed. It was noted that the Google Photos application was installed on the QS5509A cellphone and that multiple folders titled "Tumblr" existed within the Google Photos application. One of the "Tumblr" folders has approximately seventy (70) images inside. The majority of the images contained within this folder are images that depict Child Sexual Abuse Material (CSAM). The following descriptions depict a fraction of the identified images:

1. A still image, approximately 361kB in file size, located at /storage/emulated/0/Pictures/Tumblr/Tumblr_1_67410451018762.jpg depicts a nude

   minor female approximately 5 to 8 years of age lying prostrate on a bed with her legs spread, exposing her vagina.
2. A still image, approximately 369kB in file size, located at /storage/emulated/0/Pictures/Tumblr/Tumblr_1_67522579047729.jpg depicts a nude minor female, approximately 4 to 7 years of age, with her arms at her side, performing oral sex on an adult male penis.
3. A video, approximately 2.8MB in file size, located at /storage/emulated/0/Pictures/Tumblr/Tumblr_1_20522523884512.gif depicts at nude minor female, approximately 2 to 4 years of age, with her legs spread exposing her vagina, being digitally penetrated in her vagina by an adult male's right hand index finger, while the minor child rubs an item near the top of her vagina, near the clitoris.

22.   Agents transported HOLLERICH to the St. Clair Hospital for a 302 mental health evaluation. During the transport, HOLLERICH stated something to the effect of "I'm a monster and good people don't do what I did."

23.   Your Affiant submits that, based upon the above-described evidence, there is probable cause to believe that HOLLERICH violated 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2))(Possession of and Access with Intent to View a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct).

24.   Your Affiant further submits that, based on the above-described evidence, there is probable cause to believe that HOLLERICH violated 18 U.S.C. § 922(g)(3)(Possession of a Firearm by an Unlawful User of or Addicted to a Controlled Substance).

The above information is true and correct to the best of my knowledge, information and belief.

*/s/ J. Brandon Wargo*
J. BRANDON WARGO
Special Agent, HSI

Sworn and subscribed before me, by telephone
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
this 10th day of November, 2021.

_____
THE HONORABLE LISA PUPO LENIHAN
United States Magistrate Judge